RECEIVED

MAY - 5 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

PETER EUGENE HALEY                    DOCKET NO. 13-cv-2742; SEC. P

VERSUS                                JUDGE DRELL

NATCHITOCHES PARISH DETENTION         MAGISTRATE JUDGE KIRK
CENTER, ET AL.

## REPORT AND RECOMMENDATION

Pro se Plaintiff Peter Eugene Haley, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is presently incarcerated at the Caddo Parish Correctional Center, but was at the Natchitoches Parish Detention Center (N.P.D.C.) at the time of filing. He names as defendants Natchitoches Parish Detention Center, Victor E. Jones, Jr., Dean Dove, Mrs. Hill, Mrs. Lewis, Calvin K. McFerrin, Miss Pitt, and Captain Turner. He complains that he was denied sufficient access to the law library at both the Natchitoches Parish Detention Center and the Caddo Parish Correctional Center, and that a piece of legal mail sent to Plaintiff was destroyed by Defendant Pitt. He also claims that he was transferred from N.P.D.C. to Caddo Parish in retaliation for filing grievances at N.P.D.C.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

**Plaintiff's Allegations**

Plaintiff alleges deprivations of access to the law library as follows:

- October 2012 - filed ARP with Warden Dove requesting access to the library

- December 27, 2012 - wrote to Chief Calvin McFerrin about receiving no response to the ARP

- January 14, 2013 - wrote letter to Mrs. Lewis, the grievance administrator, regarding the ARP.

- February 13, 2013 - received note from Warden Dove that he had not seen an ARP from Plaintiff and that Plaintiff had, in fact, been allowed to use the law library as well as access to Attorney Whitehead [Doc. #1-1, p.5; Exh.C]

- April 13, 2013 - filed ARP claiming that he was denied access to the library on April 8-12, 2013. He received no reply. [Doc. #1-1, p.6; Exh.D]

- April 22, 2013 - sent motion for access to library to the "Natchitoches District Court."

- June 1, 2013 - filed ARP complaining that he had not received a response to the ARP of 4/13/13.

- July 12, 2013 - Sgt. Pitt destroyed legal mail that was sent to Plaintiff. [Doc. #15, p.1]

- July 29, 2013 - sent another motion for access to library to the Natchitoches Clerk of Court.

- August 6, 2013 - Plaintiff's third motion was filed in the district court for Natchitoches Parish. [Doc. #15, p.1]

- August 12, 2013 - Judge Harrington met with Plaintiff, Mrs. Hill, and Attorney Whitehead, an indigent defendant attorney. The Judge had Mrs. Wright discuss the situation with Plaintiff.

- August 14, 2013 - Plaintiff was instructed to pack his belongings because he was being moved. Plaintiff was transferred to the Caddo Parish Correctional Center in

2

Shreveport.

Plaintiff claims that he was transferred from N.P.D.C. to Caddo in retaliation for filing grievances at N.P.D.C. and for complaining to the district judge in Natchitoches. [Doc. #15, p.4] In his amended complaint dated March 3, 2014, Haley alleges that, at Caddo, he is only allowed to use the law library once per month, and he claims that the employees are "stopping federal mail incoming and outgoing." [Doc. #15, p.5]

Haley claims that the alleged constitutional violations affected all cases that he has/had pending in the courts.

### Law and Analysis

Plaintiff complains that he was denied the constitutionally protected right of access to the courts while incarcerated at the Natchitoches Parish Detention Center and Caddo Parish jail. "It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999); Bounds v. Smith, 430 U.S. 817 (1977). The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." Id. (citing Lewis v. Casey, 518 U.S. 343, 351 (1996).

The United States Supreme Court has held that the constitutional right of access to the courts does not encompass "an

3

abstract, freestanding right to a law library or legal assistance"
in prison. See Lewis v. Casey, 518 U.S. 343, 351 (1996). On the
contrary, the right can be met in other ways, including by the
provision of counsel. See Degrate v. Godwin, 84 F.3d 768 (5th
Cir.1996); see also Dickinson v. TX, Fort Bend County, 325 Fed.
App'x 389, 390 (5th Cir. 2009) ("Because Dickinson had court
appointed counsel to represent him, he did not have a
constitutional right of access to a law library to prepare his
criminal defense."); Ashcraft v. Cameron County, No. 97-41219, 1998
WL 611201, at *3 (5th Cir. Aug. 17, 1998) ("A criminal defendant
cannot complain that he was denied access to the courts while
represented by counsel."); Ford v. Foti, No. 94-30614, 1995 WL
241811, at *3 (5th Cir. Apr. 14, 1995) ("A criminal defendant who
is represented by counsel has meaningful access to the courts
vis-a-vis the criminal action pending against him."); Childs v.
Scott, No. 94-60723, 1995 WL 153057 (5th Cir. Mar. 22, 1995) ("If
a criminal defendant is represented by counsel, he has
constitutionally sufficient access to the courts."); Webb v.
Havins, No. 93-1452, 1994 WL 286151, at *3 (5th Cir. June 13,
1994); Crockett v. Carpenter, No. 93-1480, 1994 WL 144645, at *3
(5th Cir. Apr. 5, 1994).

Haley sets forth in his amended complaint that he was
represented by four attorneys relating to various criminal charges
throughout the time period in question, from October 2012 through

August 2013.   [Doc. #15, p.3-4]   Because he was represented by counsel, Plaintiff had constitutionally sufficient access to the courts.   Even if Haley wanted to perform his own legal research to assist his counsel, the right at issue simply does not extend that far.   See, e.g., Caraballo v. Federal Bureau of Prisons, 124 Fed. App'x 284, 285 (5th Cir. 2005) ("Caraballo also asserts that he was denied meaningful access to the courts because he was unable to assist his attorney.... Because Caraballo had court-appointed counsel on appeal, he had no constitutional right of access to a law library in preparing his defense, and Caraballo failed to state a claim for which relief may be granted.").   Moreover, Plaintiff states that he did have access to the law library at Natchitoches and Caddo.   Although he believes once per month is insufficient, it is clear that he has no valid access-to-courts claim for wanting to assist his attorneys.   See Caraballo; Boyd v. Nowack, Civ. Action No. 09-7639, 2010 WL 892995, at *3 (E.D.La. Mar. 11, 2010).

Further, in order for him to state a claim that he was denied the right of access to the courts, he must also demonstrate that his position as a litigant was actually prejudiced.   See Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996)(per curiam)(citing Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993)). This requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354.   In other words, Plaintiff, at the very least, must

5

show that he was prevented from filing a non-frivolous pleading. Haley was ordered to amend his complaint to state specifically what lawsuits, claims, or documents he was unable to file as a result of the alleged denial of access to the library/court. Haley's amended complaint fails to provide any specific instances in which his position as a litigant was actually prejudiced. Haley's allegation that his hand-written briefs and misquoted law affected "all lawsuits, claims and all documents" is conclusory.

Haley alleges that he had to mail some legal work while outside of the jail in court in Shreveport in order to ensure that it was properly sent. However, he does not provide any prejudice that resulted. Moreover, Plaintiff states that he was able to file at least three motions with the district court for Natchitoches Parish. Clearly his mail was not being kept from its intended recipient. Petitioner also claims that, at Caddo, the employees are "stopping federal mail incoming and outgoing." [Doc. #15, p.5] First, Petitioner sets forth this claim in his amended complaint of March 6, 2014. However, the record shows that the Clerk of Court received a "Notice of Change of Address" request on November 12, 2013, asking that Plaintiff's mail be sent to a residential address. [Doc. #10] Thus, he would not have received any mail at the Caddo facility from the clerk of court subsequent to that date. Additionally, Plaintiff attempts to support his claim by arguing that he submitted to the mailroom on November 20, 2013, paperwork

for service of process in some pending civil matter.  Plaintiff
claims that, because the documents were not personally served by
the City Marshal on the defendants until January 3, 2014, the
Defendants have interfered with his access to the Courts.  This
allegation is entirely conclusory.  There is no information
submitted indicating that forty-five days from Plaintiff's mailing
to the completion of personal service by the Marshal is excessive,
unusual, or unconstitutional.

Next, Haley alleges that Calvin McFerrin failed to reply to
Plaintiff's correspondence and complaints about unresolved
grievances; that Warden Dove is liable for not acting on Haley's
ARP and for not making sure the policies of the DOC were being
carried out [Doc. #15, p.6]; and that Mrs. Lewis, as "grievance
administrator" is liable for failing to properly resolve Haley's
complaints.  First, a prison official's failure to follow the
prison's own policies, procedures or regulations does not
constitute a violation of due process if constitutional minima are
nevertheless met.  See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th
Cir. 1996); Giovanni v. Lynn, 48 F.3d 908, 912 (5th Cir. 1995);
Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994); see also
Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986)(The mere
failure of a prison official to follow the prison's own regulation
or policy does not amount to a constitutional violation.)  In this
case, as noted above, Plaintiff was allowed time in the law library

and was at all times represented by council.  Moreover, an inmate has no constitutional right to a grievance procedure and has no due process liberty interest in having his grievance resolved to his satisfaction.  See Geiger v. Jowers, 404 F.3d 371, 374-75 (5th Cir. 2005).  Thus, these defendants did not deprive Plaintiff of any constitutional right.

To the extent that Plaintiff complains that McFerrin, Warden Dove, and/or Mrs. Lewis are liable as supervisors or administrators, his claim fails. Supervisors may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations or (ii) they implement unconstitutional policies that causally result in the plaintiff's injuries.  See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. denied, 508 U.S. 951 (1993).  As noted above, these individuals did not participate in actst hat caused any constitutional deprivation to Haley, and there are no allegations that they implemented unconstitutional policies.

Plaintiff complains that Captain Turner ordered Sgt. Pitt to "scan and sensor and block" Plaintiff's mail.  Again, Plaintiff has offered no facts in support of his claims.  Based on his exhibits, it is clear that Haley was able to transmit a number of documents to the court in Natchitoches Parish as well as this Court, in addition to filing numerous grievances and objections.  He has been able to communicate with four attorneys.  Haley has clearly

received correspondence from this Court, from the Natchitoches Parish City Marshal, and from the Parish courts.  His claims are conclusory and unsupported by facts.

Plaintiff claims that Mrs. Hill "was ordered or took upon herself to transfer and retaliate again [sic] Plaintiff" is also conclusory and unsupported by facts. [Doc. #15, p.7]  Based on Plaintiff's own claims, he was transferred to Caddo Parish to face pending criminal charges in that parish, as he had criminal charges pending in both Natchitoches and Caddo Parishes. [Doc. #15-1, p.4] To establish retaliation, a Plaintiff must show (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation.  See Bibbs v. Early, 541 F.3d 267, 270 (5th Cir. 2008)(citation omitted).  Haley has no constitutional right to be housed at any particular facility, even if life in one prison may be much more disagreeable than in another.  See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Meachum v. Fano, 427 U.S. 215, 224-225 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989); Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982). Second, Plaintiff was facing criminal charges in Caddo Parish; his transfer to that parish during the pendency of those charges does not show intent to retaliate or a retaliatory adverse act.

*Conclusion*

In summary, Plaintiff's complaint fails to state a claim for which relief can be granted.  **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _30_ day of April, 2014.


JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

11